14 F.3d 594
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Martin M. EZRIN; Double H Enterprises; Hoof & Roof
Enterprises; Demolition of D.C., Incorporated, Defined
Benefit Plan; Sheldon S. Nasar Family Trust, a/k/a Imogine
Abbott Nasar, Trustee, Plaintiffs-Appellees,
and
Lawrence M. WELLS; Abraham Shuster; Thelma Shuster;
Gerald L. Sacks, D.M.D. Limited Profit Sharing
Plan; Sheldon S. Nasar, Plaintiffs,
v.
Marriott Corporation, Defendant & Third Party Plaintiff-Appellant,
and
James Hurd, Patricia A. Hurd; Double R Restaurants,
Incorporated, Defendants,
v.
Herbert S. Ezrin, Third Party Defendant-Appellee.
Martin M. Ezrin; Double H Enterprises; Hoof & Roof
Enterprises; Lawrence M. Wells; Gerald L. Sacks, D.M.D.
Limited Profit Sharing Plan; Demolition of D.C.,
Incorporated, Defined Benefit Plan; Sheldon S. Nasar Family
Trust, a/k/a Imogine Abbott Nasar, Trustee; Sheldon S.
Nasar, Plaintiffs-Appellants,
and
James Hurd; Patricia A. Hurd; Double R Restaurants,
Incorporated, Defendants,
v.
Herbert S. Ezrin, Third-Party Defendants.
 Nos. 92-1648, 92-1625.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 8, 1993.
Decided Dec. 28, 1993.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore.
 James Ray Eyler, Charles Ross Diffenderffer, Miles & Stockbridge, for appellant.
 Herbert S. Ezrin, Potomac, MD, Appellee; Daniel F. Goldstein, Therese L. Staudenmaier, Brown, Goldstein & Levy, for appellees.
 Before WIDENER, PHILLIPS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Marriott Corporation appeals from the magistrate judge's orders* denying its various motions for dismissal, summary judgment, judgment as a matter of law, and for a new trial (No. 92-1625). The cross appeal challenges the magistrate judge's orders granting Marriott's motion for judgment on certain claims, striking the testimony of an expert witness, and denying the motion for prejudgment interest (No. 92-1648). Our review of the record and the magistrate judge's opinions discloses that the magistrate judge ruled correctly on all but one issue. Accordingly, we affirm in part, vacate in part, and remand.
 
 
 2
 Plaintiffs below, a group of investors in Roy Rogers franchises, filed this action alleging fifteen causes of action against Defendants. The complaint alleged fraud, negligent misrepresentation, violations of the Securities Exchange Act, 15 U.S.C. Secs. 77l, 78j (1988), violations of Maryland securities and franchise laws, breach of contract, fraudulent misrepresentation, breach of fiduciary duty, and breach of guaranty. Essentially, Plaintiffs alleged that Marriott and James Hurd misrepresented material facts to them via an offering circular and personal conversations in an attempt to induce Plaintiffs to invest in a limited partnership created by Hurd to acquire four Roy Rogers franchises in the Baltimore area. When the deal turned sour, Plaintiffs instituted the instant action.
 
 
 3
 On appeal, Marriott contends that the magistrate judge erred by not granting judgment in Marriott's favor with regard to Plaintiff Martin Ezrin's ("Ezrin") claims of negligent misrepresentation. Upon de novo review of that order, Higgins v. E.I. Du Pont de Nemours & Co., 863 F.2d 1162 (4th Cir.1988), we agree.
 
 
 4
 Ezrin's claim of negligent misrepresentation was based on his receipt of and reliance upon information acquired by Plaintiff Nasar in meetings with Marriott officers. Nasar relayed that information to Ezrin, who then decided to invest in the limited partnership. Ezrin never met personally with Marriott officers or representatives before deciding to invest in the venture.
 
 
 5
 The magistrate judge relied on the decision in Village of Cross Keys, Inc. v. United States Gypsum, 556 A.2d 1126 (Md.1989), to hold that Marriott owed a duty to Ezrin as a "downstream recipient." We disagree.
 
 
 6
 Initially, we note that the language in Cross Keys suggesting that a duty is owed to downstream recipients is mere dicta. That is, while the Cross Keys court explicitly suggested that a duty could exist to downstream recipients, the court ultimately decided the case on the fact that the plaintiffs had only used the design, and not the parts, advertised. 556 A.2d at 1135. It only assumed "arguendo" that such a duty existed. Id. Moreover, Maryland courts have not applied the expanded concept of duty suggested by Cross Keys. See Erie Ins. Co., Inc. v. Chops, 585 A.2d 232, 235 (Md.1991); Willow Tree Learning Center, Inc. v. Prince George's County, 584 A.2d 157, 161 (Md. Spec. Ct.App.1991); see also Tischler v. Baltimore Bancorp., 801 F.Supp. 1493, 1505-06 (D. Md.1992) (no duty under Maryland law required of Board of Directors regarding representations in a general press release). Finally, we note that the magistrate judge focused on foreseeability in her determination. Foreseeability is relevant only in cases involving personal injury. Willow Tree, 584 A.2d at 161.
 
 
 7
 In our view, the magistrate judge should have applied well established Maryland law regarding tort claims of economic injury and required Ezrin to show that there was an "intimate nexus" of "contractual privity or its equivalent" to prevail. See Chops, 585 A.2d at 235; Weisman v. Connors, 540 A.2d 783, 791 (Md.1988). Here, there was no evidence that Marriott and Ezrin ever had any direct relationship or that they ever had any contractual or precontractual discussions. Under these circumstances, we agree with the district court's view of Maryland law in Tischler and believe Maryland courts would not find that Marriott had a duty to Ezrin. Accordingly, we vacate that part of the magistrate judge's order denying Marriott's motion for summary judgment on Martin Ezrin's negligent misrepresentation claim and remand the case to the district court.
 
 
 8
 Finding no other errors, we affirm the remainder of the magistrate judge's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 The parties agreed to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. Sec. 636(c) (1988)